IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-51078
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LEONEL JAIMES-MALDONADO,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-01-CR-143-ALL-JN
--------------------
April 3, 2002

Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Leonel Jaimes-Maldonado appeals his sentence after pleading guilty to possession of a firearm by an illegal alien. 18 U.S.C. § 922(g)(5). Jaimes challenges his base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A)(2000). Jaimes contends that he did not have a prior violent felony conviction that was punishable by a term of imprisonment in excess of one year as required by U.S.S.G. § 2K2.1(a)(4)(A) and as defined in U.S.S.G. § 4B1.2, comment. (n.1).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"'Prior felony conviction' means a prior adult federal or state conviction for an offense **punishable** by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and **regardless of the actual sentence imposed**."  U.S.S.G. § 4B1.2, comment. (n.3) (emphasis added).  Although Jaimes was sentenced pursuant to TEX. PENAL CODE ANN. § 12.44 as if he had been convicted of a Class A misdemeanor, Jaimes's prior conviction for attempted assault on a peace officer, punishable by imprisonment for a maximum term of two years, qualified as a prior felony conviction of a crime of violence.  See U.S.S.G. § 2K2.1(a)(4)(A).  The district court thus properly assessed Jaimes's base offense level as 20.

Jaimes's motion to supplement the record on appeal is DENIED.

AFFIRMED.